**MORGAN & MORGAN**
Alexander C. Hyder, Esquire #320939          *Attorneys for Plaintiff*
2005 Market Street, Suite 350
Philadelphia, PA 19103
t. 267.780.2985
f. 267.780.2920
ahyder@forthepeople.com

### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CARLOS MENDEZ MEDINA, JR.** *and* **YOSMAN MEDINA CASTRO** <br> **Plaintiffs,** <br> v. <br> **ONE STOP CENTER, INC.** *and* **MASUD A. OMAR** <br> **Defendants.** | **Case No.:** 2:22-cv-1031 <br><br> **CIVIL ACTION – LAW** <br> **JURY TRIAL DEMANDED** |

### PLAINTIFFS' COMPLAINT – CIVIL ACTION
### MOTOR VEHICLE ACCIDENT

Plaintiffs, Carlos Mendez Medina, Jr. and Yosman Medina Castro, by and through their undersigned counsel and the law firm Morgan & Morgan Philadelphia PLLC, assert a cause of action for negligence against the above captioned Defendant, and in support thereof avers as follows:

### THE PARTIES

1.  Plaintiff, Carlos Mendez Medina, Jr. (hereinafter "Plaintiff Medina") is an adult individual who resides at 2300 Merrimack Drive, Kissimmee, FL 34743.

2.  Plaintiff, Yosman Medina Castro (hereinafter "Plaintiff Castro"), is an adult individual who resides at 8323 Purcell Drive, Orlando, FL 32825.

3. Defendant, One Stop Center Inc. (hereinafter "Defendant One Stop"), is an organized and existing business entity having a principal place of business at 14051 Burnhaven, Dr., Suite 112, Burnsville, MN 55337.

4. Defendant, Masud A. Omar (hereinafter "Defendant Omar"), is an adult individual who resides at 142 West 162nd Street, Minneapolis, MN 55419.

5. At all times relevant hereto, Defendant Omar was in the course and scope of his employment with Defendant One Stop based upon information and belief.

## JURISDICTION

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332 because complete diversity of citizenship exists between Plaintiff and Defendants and the amount in controversy is greater than $75,000.

7. Plaintiffs are citizens of the State of Florida.

8. Defendant Omar is a citizen of the State of Minnesota.

9. Defendant One Stop maintains corporate citizenship in the State of Minnesota by virtue of its incorporation and home office in that State.

10. This Court has personal jurisdiction over the Defendants because at all relevant times, Defendants operated a motor vehicle in the Commonwealth in Pennsylvania.

11. Venue is proper in this forum pursuant to 28 U.S.C. §1391(b)(3) because Defendants are subject to this Court's personal jurisdiction.

## FACTUAL BACKGROUND

12. At all times relevant hereto, Defendant Omar was the operator of a truck bearing MN license plate number PAU9658 owned by KLC Financial, Inc. (hereinafter the "subject tractor-trailer").

13. At all times relevant hereto, Defendant Omar was acting within the course and scope of his employment with Defendant One Stop, in the furtherance of the business interests and objectives of Defendant One Stop, and with the actual and/or implied authority of Defendant One Stop.

14. At all times material hereto, Defendant One Stop acted or failed to act through their agents, ostensible agents, servants, borrowed servants, workmen and/or employees all in the course and scope of such relationship.

15. At all times material hereto, Defendant One Stop established or should have established plans, specifications, and safety programs for the safe operation of motor vehicles, including commercial trucks.

16. At all times relevant hereto, Plaintiff Medina was the operator of a truck bearing IL license plate number P974365.

17. At all times relevant hereto, Plaintiff Castro was a passenger of the truck operated by Defendant Medina.

18. At approximately 1:10 a.m. on November 23, 2021, Plaintiffs were travelling eastbound on the I-80, in the vicinity of mile marker 95.8, in Washington Township, Pennsylvania, and Plaintiffs' truck was stopped partially in the left travel lane due to being disabled.

19. At the same time and place, Defendant Omar, while in the course and scope of his employment with Defendant One Stop, was travelling eastbound on I-80 and, despite a clear sight distance and no obstructions to his view of the traffic conditions ahead of him, failed to observe Plaintiffs' disabled truck, thereby violently striking the rear of Plaintiffs' vehicle and causing Plaintiffs' personal injuries as more fully hereinafter described.

20. At all times relevant hereto, Defendant Omar had a sufficient amount of time to recognize Plaintiffs' disabled truck and avoid the collision.

21. As a direct and proximate result of the Defendants' negligence as described herein, Plaintiffs suffered serious and permanent injuries and damages.

22. This crash was in no way caused or contributed to by the Plaintiffs and was solely caused by the Defendants in the manner set forth herein.

23. The conduct of Defendants rises to the level of outrageous conduct in that Defendants willfully and recklessly ignored the known safety hazards associated with driving a commercial vehicle in an unsafe manner and driving a commercial vehicle in substandard condition for long-haul interstate travel, of which caused Plaintiffs' serious and permanent injuries.

24. As a direct and proximate result of the joint careless, reckless, negligent, grossly negligent, and other liability-producing operations of the subject tractor-trailer of Defendants herein, Plaintiff Medina was caused to sustain serious and permanent injuries including, but not limited to, lumbar spine herniations with annular tears, lumbar radiculopathy, abdomen pain, back pain, neck pain, and knee pain, some or all of which are permanent in nature and may last into the future.

25. As a direct and proximate result of the aforementioned injuries sustained due to the negligence of Defendants herein, Plaintiff Medina was required to undergo significant medical treatment, including epidural injections, which, as of the date of this filing, is continuing into the future.

26. As a direct and proximate result of the joint careless, reckless, negligent, grossly negligent, and other liability-producing operations of the subject tractor-trailer of Defendants herein, Plaintiff Castro was caused to sustain serious and permanent injuries including, but not

limited to, left knee tear requiring surgery, back pain, and neck pain, some or all of which are permanent in nature and may last into the future.

27. As a direct and proximate result of the aforementioned injuries sustained due to the negligence of Defendants herein, Plaintiff Castro was required to undergo significant medical treatment, including surgery, which, as of the date of this filing, is continuing into the future.

28. As a further result of their injuries, Plaintiffs have suffered severe physical pain, mental anguish, and embarrassment and humiliation, and may continue to suffer the same for an indefinite time into the future.

29. As a further result of their injuries, Plaintiffs have or may be obliged to expend various sums of money for medical treatment, surgeries, injections, medicines, osteopathic services, diagnostic testing, nursing and psychological care, certain prosthesis, other medical equipment, and replacement services and which are not covered by, or which are in excess of those provided for in accordance with 75 Pa. C.S. Chapter 17 Section 1711 et seq.

30. As a further result of the accident aforementioned, Plaintiffs have or may hereafter incur other financial expenses or sustain losses including but not limited to work loss and loss of earning capacity which do or may exceed amounts that Plaintiffs may otherwise be entitled to recover.

31. The aforementioned conduct of the Defendants foreseeably caused a high degree of risk of serious physical injury to other motorists, including Plaintiffs, and which caused Plaintiffs' severe personal injuries as set forth herein.

32. Plaintiffs' injuries and damages were caused solely by the acts of the Defendants jointly and/or severally and/or through their joint and individual agents, servants, workmen, and/or employees as hereinbefore and hereinafter set forth.

33. Plaintiffs' injuries and damages were not caused by any act or omission on the part of Plaintiffs or any other individuals and/or entity.

34. Plaintiffs are eligible to seek full financial compensation for non-economic loss claimed and economic losses sustained in a motor vehicle accident as a consequence and result of the fault of others, the defendant herein, pursuant to applicable tort law.

## COUNT I
## CARLOS MENDEZ MEDINA, JR. and YOSMAN MEDINA CASTRO. vs. ONE STOP CENTER, INC.

35. The Plaintiffs herein incorporate by reference the preceding paragraphs as if same were set forth at length herein.

36. At all times relevant hereto, Defendant One Stop conducted business in the Commonwealth of Pennsylvania.

37. At all times relevant hereto, Defendant One Stop employed, supervised, and trained the operator of the subject tractor-trailer, Defendant Omar.

38. The injuries, damages and losses suffered by Plaintiffs, as more fully set forth above, were caused by the negligence, carelessness, recklessness, and gross negligence of Defendant One Stop jointly and severally, acting by and through their agents, servants, workers and/or employees, both generally and in the following particular respects:

    a. failing to properly train their employees;

    b. failing to properly maintain their trucks, including the subject tractor-trailer;

    c. failing to properly service their trucks, including the subject tractor-trailer;

    d. failing to inspect their trucks, including the subject tractor-trailer;

    e. failing to properly maintain, service, and/or inspect the brakes and brake systems of their trucks, including the subject tractor-trailer;

  f. failing to ensure the subject tractor-trailer was operated by a properly trained and licensed driver;

  g. failing to properly monitor driver performance;

  h. promoting and encouraging drivers to rush at the expense of safety;

  i. violating commercial motor vehicle regulations; and

  j. failing to use due care under the circumstances;

39. The conduct of Defendant One Stop caused and contributed to the aforesaid accident, and the injuries and damages suffered by Plaintiffs described at length herein.

40. As a direct and proximate result of the negligence, carelessness, reckless, and/or other liability-producing conduct of Defendant One Stop, Plaintiffs sustained severe and permanent injuries and damages, as previously described.

41. Defendant One Stop knew or should have known that failing to have appropriate safety policies regarding the use, operation, and/or maintenance of their tractor-trailers, including the subject tractor-trailer, posed a very high risk of serious bodily injury and/or death to those other vehicles, including Plaintiffs.

42. The conduct of Defendant One Stop rises to the level of outrageous conduct by willfully and recklessly ignoring the known safety hazards which caused the severe and permanent personal injuries of Plaintiff as set forth herein.

43. Defendant One Stop acted with a willful, wanton, and reckless disregard for the safety of other vehicles and pedestrians, including Plaintiffs.

44. Defendant One Stop is jointly and severally liable for the injuries and damages of Plaintiff.

**WHEREFORE**, Plaintiffs pray for judgment in Plaintiffs' favor and against Defendant, in an amount in excess of the jurisdiction threshold, plus all costs and other relief this court deems necessary.

## COUNT II
## CARLOS MENDEZ MEDINA, JR. and YOSMAN MEDINA CASTRO v. ONE STOP CENTER, INC., as being vicariously liable for MASUD OMAR

45. The Plaintiffs herein incorporate by reference the preceding paragraphs as if same were set forth at length herein.

46. At all times relevant hereto, Defendant Omar was an employee, agent, ostensible agent, servant, and/or worker of Defendant One Stop.

47. At the time of the accident, Defendant Omar was acting within the course and scope of his employment and/or agency with Defendant One Stop.

48. Defendant One Stop is vicariously liable as the employer and/or principal of Defendant Omar for the injuries, resulting losses and expenses of Plaintiffs for which claim is made, under theories of vicarious liability and agency, and/or under the doctrine of *respondeat superior*.

49. Defendant One Stop owed a duty to Plaintiffs to ensure their employees were properly supervised, monitored, trained, and/or qualified.

50. Defendant One Stop owed a duty to Plaintiffs to establish and enforce safety policies and procedures addressing safety.

51. The conduct of Defendant One Stop caused and contributed to the aforesaid accident, and the injuries and damages of Plaintiffs described at length herein.

52. As a direct and proximate result of the negligence, carelessness, gross negligence, and/or recklessness of Defendant One Stop, Plaintiffs sustained serious and permanent injuries and damages, as previously discussed.

53. Defendant One Stop is jointly and severally liable for the injuries and damages of Plaintiff.

**WHEREFORE**, Plaintiffs pray for judgment in Plaintiffs' favor and against Defendant, in an amount in excess of the jurisdiction threshold, plus all costs and other relief this court deems necessary.

## COUNT III
## CARLOS MENDEZ MEDINA, JR. and YOSMAN MEDINA CASTRO. v. MASUD OMAR

54. The Plaintiffs herein incorporate by reference the preceding paragraphs as if same were set forth at length herein.

55. At all times relevant hereto, Defendant Omar was an employee, agent, ostensible agent, servant, and/or worker of Defendant One Stop.

56. At the time of the accident, Defendant Omar was acting within the course and scope of his employment and/or agency with Defendant One Stop.

57. The negligence, carelessness, and recklessness of Defendant Omar consisted of, but is not limited to the following:

   a. Failing to maintain proper and adequate control of the subject tractor-trailer so as to avoid crashing into the Plaintiff;

   b. Failing to notice a disabled vehicle in the roadway;

   c. Failing to pay proper attention while operating the subject tractor-trailer;

   d. Operating the subject tractor-trailer in a negligent, careless, and reckless manner without due regard for the rights and safety of the Plaintiff;

   e. Failing to have the subject tractor-trailer under such control that it could be readily stopped, turned aside or the speed thereof slackened upon the

        appearance of danger;

f.     Failing to remain alert;

g.    Failing to operate the subject tractor-trailer in accordance with the FMCSR and the laws of the Commonwealth of Pennsylvania;

h.    Failing to make necessary and reasonable observations while operating the subject tractor-trailer;

i.     Failing to take evasive action and/or failing to take appropriate and timely evasive action in order to avoid striking Plaintiffs;

j.     Failing to timely and properly apply his brakes;

k.    Violating both the written and unwritten policies, rules, guidelines, and regulations of One Stop Center, Inc. and/or the Commonwealth of Pennsylvania;

l.     Failing to maintain an assured clear distance;

m.   Failing to apprise himself of and/or abide by the FMCSR;

n.    Failing to apprise himself of and/or abide by the regulations and laws pertaining to the operation of commercial vehicles;

o.    Failing to properly inspect his truck in violation of the FMCSR;

p.    Consciously choosing to drive the subject tractor-trailer at a high rate of speed for the location and circumstances; and

q.    Acting with a conscious disregard for the rights and safety of the Plaintiffs;

58.    For the reasons set forth above, Defendant Omar's operation of the subject tractor-trailer represented a foreseeable and unreasonable risk of danger to other vehicles, including the Plaintiffs.

59. As a direct and proximate result of the negligence, carelessness and recklessness of Defendant Omar, Plaintiffs sustained severe and permanent injuries and damages, as previously described.

60. The conduct of Defendant Omar rises to the level of outrageous conduct in that it willfully and recklessly ignored the known safety hazards which caused Plaintiffs' harm and damages as set forth herein.

61. Defendant Omar acted with a willful, wanton, and reckless disregard for the safety of other vehicles, including the Plaintiffs.

62. This and other misconduct of Defendant Omar constituted outrageous, willful and/or wanton misconduct, and manifested a reckless indifference to the rights of others.

**WHEREFORE**, Plaintiffs prays for judgment in Plaintiffs' favor and against Defendant, in an amount in excess of the jurisdiction threshold, plus all costs and other relief this court deems necessary.

## COUNT IV
## CARLOS MENDEZ MEDINA, JR. and YOSMAN MEDINA CASTRO vs. ONE STOP CENTER, INC.

63. The Plaintiffs herein incorporate by reference the preceding paragraphs as though same were set forth fully at length herein.

64. The negligence and/or carelessness of Defendant One Stop which was a proximate cause of the aforesaid motor vehicle collision and the resultant injuries and damages sustained by the Plaintiff, consists of, but is not limited to, the following:

   a. Permitting Defendant Omar to operate the motor vehicle despite having known, or should have known through reasonable diligence, that the vehicle was in substandard condition for long-haul interstate travel;

      b.    Permitting Defendant Omar to operate the motor vehicle without first ascertaining whether or not she was capable of properly operating said vehicle;

      c.    Permitting Defendant Omar to operate the motor vehicle when Defendant One Stop knew, or in the exercise of due care and diligence, should have known that Defendant Omar was capable of committing the acts of negligence set forth above;

      d.    Failing to warn those persons, including the Plaintiffs, that Defendant One Stop knew, or in the existence of due care and diligence should have known, that the Plaintiff would be exposed to Defendant Omar's negligent operation of the motor vehicle.

65. The accident herein was in no way due to any act or failure to act on the part of Plaintiffs.

66. As a direct result of the negligent and/or careless conduct of Defendants, the Plaintiffs suffered various serious and permanent personal injuries, serious impairment of bodily function, permanent serious disfigurement, aggravation of certain injuries and/or other ills and injuries all to Plaintiffs' great loss and detriment.

67. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiffs' great financial detriment and loss, Plaintiffs have in the past, are presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

68. As an additional result of the carelessness and/or negligence of Defendants, Plaintiffs have suffered emotional injuries, along with the physical injuries suffered.

69. As a further result of Plaintiffs' injuries, Plaintiffs have in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiffs' further loss and detriment.

70. Furthermore, in addition to all the injuries and losses suffered by Plaintiffs, Plaintiffs have also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by applicable law, for which he makes a claim for payment in the present action.

**WHEREFORE**, Plaintiffs pray for judgment in Plaintiffs' favor and against Defendants, in an amount in excess of the jurisdictional threshold, plus all costs and other relief this court deems necessary.

**MORGAN & MORGAN**

BY: _____
Alexander C. Hyder, Esquire
*Trial Counsel for Plaintiff*

DATE: 07/18/2022

**MORGAN & MORGAN**
Alexander C. Hyder, Esquire #320939         *Attorneys for Plaintiff*
2005 Market Street, Suite 350
Philadelphia, PA 19103
t. 267.780.2985
f. 267.780.2920
ahyder@forthepeople.com

### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CARLOS MENDEZ MEDINA, JR.** *and* **YOSMAN MEDINA CASTRO** <br> **Plaintiffs,** <br> v. <br> **ONE STOP CENTER, INC.** *and* **MASUD A. OMAR** <br> **Defendants.** | **Case No.:** 2:22-cv-1031 <br><br> **CIVIL ACTION – LAW** <br> **JURY TRIAL DEMANDED** |

### NOTICE OF PRESERVATION OF EVIDENCE

PLAINTIFF HEREBY DEMANDS AND REQUESTS THAT DEFENDANT(S) TAKE NECESSARY ACTION TO ENSURE THE PRESERVATION OF ALL DOCUMENTS, COMMUNICATIONS, WHETHER ELECTRONIC OR OTHERWISE, ITEMS AND THINGS IN THE POSSESSION OR CONTROL OF ANY PARTY TO THIS ACTION, OR ANY ENTITY OVER WHICH ANY PARTY TO THIS ACTION HAS CONTROL, OR FROM WHOM ANY PARTY TO THIS ACTION HAS ACCESS TO, ANY DOCUMENTS, ITEMS, OR THINGS WHICH MAY IN ANY MANNER BE RELEVANT TO OR RELATE TO THE SUBJECT MATTER OF THE CAUSES OF ACTION AND/OR THE ALLEGATIONS CONTAINED IN THIS COMPLAINT.

                                          **MORGAN & MORGAN**

                                          _____
                                          ALEXANDER C. HYDER, ESQUIRE

Date:   07/18/2022                              *Trial Counsel for Plaintiff*

## **VERIFICATION**

I, CARLOS MENDEZ MEDINA, JR., hereby state that I am the Plaintiff in the within action and that the facts set forth in this CIVIL ACTION COMPLAINT are true and correct to the best of my knowledge, information, and belief. To the extent that the language contained in the responses is that of counsel, Plaintiff has relied upon counsel in executing this verification.

I understand that the statements in this Verification are made subject to the penalties of the court relating to unsworn falsification to authorities.


_____
*Carlos Benjamin Mendez Medina Jr.*

DATE: 07/18/2022

## **VERIFICATION**

I, YOSMAN MEDINA CASTRO, hereby state that I am the Plaintiff in the within action and that the facts set forth in this CIVIL ACTION COMPLAINT are true and correct to the best of my knowledge, information, and belief. To the extent that the language contained in the responses is that of counsel, Plaintiff has relied upon counsel in executing this verification.

I understand that the statements in this Verification are made subject to the penalties of the court relating to unsworn falsification to authorities.



DATE: 07/18/2022