IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARLOS MENDEZ MEDINA, JR. *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 22-1031 |
| v. | ) ) | Judge Cathy Bissoon |
| ONE STOP CENTER, INC., *et al.*, | ) ) ) | |
| Defendants. | ) | |

**ORDER**

Defendants' Motion (Doc. 6) to strike contents of the Complaint will be denied, with instructions.

Defendants seek to strike allegations that their purported conduct exceeded the bounds of ordinary negligence. *See* Doc. 7 at pg. 2 (requesting that allegations of "outrageous," "wanton," "willful," and "reckless" conduct be stricken). Motions to strike are disfavored, and they require a showing of clear prejudice. Zemba v. NVR, Inc., 2018 WL 3023220, *3 (W.D. Pa. Jun. 18, 2018). In a vacuum, Plaintiffs' allegations of enhanced culpability are not prejudicial, let alone clearly so.

What animates Defendants' Motion, however, is their concern that Plaintiffs' allegations are disguised efforts to justify claim(s) for punitive damages. *See* Doc. 7 at pgs. 3-7. Defendants submit that the Complaint, as presently drafted, does not make claim(s) for punitive damages – and the Court's reading is consistent. *See* Compl. (Doc. 1).

Under the circumstances, Defendants have not shown that a striking is warranted or necessary. To the extent that Plaintiffs believe that they have – or will – assert claims for

punitive damages, however, such a claim must be made with transparency.  *Cf.* Achey v. Crete Carrier Corp., 2009 WL 101843, *2 (E.D. Pa. Jan. 14, 2009) (allowing amendment to *add* claims for punitive damages, and finding a lack of prejudice because the prior complaint made reference to acts exhibiting "a conscious disregard, reckless indifference and outrageous conduct to the interest of others").

Pursuant to Federal Rule 15(a)(1)(B), Plaintiffs are entitled to make one amendment "as a matter of course," *i.e.*, without the consent of the opposing parties or leave of Court.  *Id.*  In this context, the amendment is due within 21 days after service of a motion to strike under Rule 12(f).  *Id.*

Consistent with the foregoing, Defendants' Motion to Strike (**Doc. 6**) is **DENIED**, although the denial is premised on Defendants' – and the Court's – understanding that the Complaint does not state claim(s) for punitive damages.  If Plaintiffs intend to assert such claims, they must file an amended complaint, pursuant to Rule 15(a)(1)(B), by **September 6, 2022** (*i.e.*, 21 days from the date of Defendants' Motion to Strike).

In the meantime, Defendants' obligation to file a responsive pleading is held in abeyance. Should Plaintiffs not amend the Complaint, Defendants' deadline is September 20, 2022.

IT IS SO ORDERED.

August 18, 2022                                                      s\Cathy Bissoon
                                                                                    Cathy Bissoon
                                                                                    United States District Judge

cc (via ECF email notification):

All Counsel of Record